UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-62499-CIV-COHN/SELTZER

UNITED STATES OF AMERICA,
*Ex rel.* MAUREEN DEUTSCH,

    Plaintiff,

vs.

HOLLYWOOD PAVILION, LLC, et al.,

    Defendants.
_____/

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

**THIS CAUSE** is before the Court *sua sponte*. This False Claims Act action was commenced on December 17, 2012. See DE 1. On November 20, 2013, the Court entered an order unsealing the Complaint and directing Plaintiff to serve the Complaint on the Defendants under Federal Rule of Civil Procedure 4. See DE 23. In addition, the Court set this case for trial during the two-week period commencing December 8, 2014. See DE 25.

Under Rule 4(m), Plaintiff had 120 days—i.e., until March 20, 2014—to perfect service of the Complaint on Defendants. Because Plaintiff did not file any proof of service by that deadline, the Court ordered Plaintiff to show cause why service had not been perfected on Defendants. See DE 26. The Court warned that failure to do so would "result in dismissal of this action without prejudice." Id.

In response, Plaintiff stated that she sent copies of the Complaint via certified mail to Defendants on March 20, 2014—the deadline for perfecting service—requesting that Defendants waive service. See DE 27. Plaintiff noted that two of the

packages were delivered on March 21, 2014, while a third was delivered on March 22, 2014.  Id.  To date, however, Defendants have not filed any waiver of service, nor have Plaintiffs filed any proof of service with the Court.

While Rule 4(d) does contemplate a request for waiver of service, it does not necessarily contemplate Plaintiff waiting until the last possible moment to do so with the hope that the Court will condone her procrastination.  Under Rule 4(m), Plaintiff had 120 days to perfect service on Defendants.  But she did not do so.  Indeed, instead of perfecting service on Defendants within the allotted time, Plaintiff waited until the eleventh hour to ask Defendants to waive service.  The Court, therefore, finds that Plaintiff has failed to show good cause as to why her Complaint should not be dismissed for failure to perfect service on Defendants in a timely manner.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Complaint [DE 1] is **DISMISSED without prejudice** for failure to perfect service on Defendants.  The Clerk of Court is directed to **CLOSE** this case and **DENY** all pending motions as moot.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Broward County, Florida, this 9th day of April, 2014.

JAMES I. COHN
United States District Judge

Copies to counsel of record via CM/ECF.